# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMBER HARP,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   **Case No. CIV-19-1138-G** |
| | ) |
| **MERRICK B. GARLAND,** | ) |
| **United States Attorney General,** | ) |
| **U.S. Department of Justice,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Now before the Court is Defendant's Motion in Limine (Doc. No. 135), seeking to exclude opinion testimony of Margot Smith, LPC. Plaintiff Amber Harp has responded in opposition (Doc. No. 151). Having considered the parties' arguments, the Court now makes its determination.

    *I.*    *Standard of Decision*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. *Defendant's Motion*

Plaintiff filed its Expert Disclosures on August 19, 2020. Doc. No. 15. In those disclosures, Plaintiff listed Licensed Professional Counselor Margot Smith, Plaintiff's previous mental health care provider, as a non-retained expert witness. Doc. No. 15 at 2-3. With the Court's leave, Defendant filed its Motion in Limine seeking to limit LPC Smith's testimony to that of a fact witness on October 27, 2022. In its Motion, Defendant argues that the summary of LPC Smith's expected testimony provided in Plaintiff's Expert Disclosures is insufficient under Federal Rule of Civil Procedure 26(a)(2)(C). *See* Def.'s Mot. at 5-7.

Non-retained experts, such as treating medical providers like LPC Smith, need not provide an expert report. *See Yeager v. Buxton*, No. CIV-17-2368, 2018 WL 4620884, at *3-4 (D. Kan. Sept. 26, 2018). These non-retained expert witnesses must disclose, however: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the [non-retained] expert." *Thornton v. Barrett*, No. CIV-19-1003-SLP, 2020 WL 12787579, at *1 (W.D. Okla. Dec. 11, 2020) (quoting *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. 2014)).

While the summary of the facts and opinions to which LPC Smith is expected to testify in Plaintiff's Expert Disclosures is not detailed, it does generally disclose the subjects of LPC Smith's expected testimony. Defendant, moreover, waited until the eve

of trial to raise its objection to the sufficiency of the summary of LPC Smith's opinions. Nor did Defendant depose LPC Smith or otherwise request additional details about her expected testimony in the months since it learned that Plaintiff may call LPC Smith as a non-retained expert witness.

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion in Limine (Doc. No. 135). LPC Smith may testify as a non-retained expert witness, but her testimony will be restricted to the facts and opinions that, in the Court's view, are plainly foreseeable in light of the summary provided in Plaintiff's Expert Disclosures.

IT IS SO ORDERED this 2nd day of November, 2022.

_____
CHARLES B. GOODWIN
United States District Judge