UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AMBER HARP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-1138-G** |
| | ) | |
| **MERRICK B. GARLAND,** | ) | |
| **United States Attorney General,** | ) | |
| **U.S. Department of Justice,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is a Post-Trial Motion for Judgment as a Matter of Law (Doc. No. 174), filed by Defendant, Merrick B. Garland, United States Attorney General. Plaintiff Amber Harp has submitted a Response (Doc. No. 189), and Defendant has submitted a Reply (Doc. No. 193). Having reviewed the relevant filings, the Court makes its determination.

### I.   Background

On November 1, 2022, a jury trial commenced on Plaintiff's remaining claim[1] for failure to accommodate in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. *See* Doc. No. 156. Plaintiff alleged that Defendant denied her request for a reasonable accommodation when Defendant did not allow her to take two hours off work each week to attend therapy for her mental health condition. *See* Jury Instr. No. 2 (Doc. No. 161). At

---

[1] The Court had previously granted summary judgment in Defendant's favor on Plaintiff's claims regarding constructive discharge and failure to accommodate based upon request for alternative work location or transfer. *See* Order Summ. J (Doc. No. 61) at 22.

the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), and the Court denied the motion.  *See* Doc. No. 158. Defendant renewed its Rule 50 motion after the presentation of its case, and the Court again denied Defendant's motion.  *See id.*

After deliberation, the jury returned a verdict in Plaintiff's favor and awarded her compensatory damages in the amount of $250,000.00.  *See* Verdict (Doc. No. 163).  The Court entered a judgment reflecting the jury's decision.  *See* J. (Doc. No. 164).  Defendant now renews its Motion for Judgment as a Matter of Law post verdict pursuant to Federal Rule of Civil Procedure 50(b), arguing that there is no legally sufficient evidentiary basis supporting the jury's determination that Defendant violated the Rehabilitation Act.  *See* Def.'s Mot. (Doc. No. 174) at 5.

II.    *Applicable Law*

A party may renew its motion for judgment as a matter of law within 28 days after the entry of judgment.  *See* Fed. R. Civ. P. 50(b).

> The relevant standard is a continuation from Rule 50(a), which provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the Court may then "resolve the issue against the party" and "grant a motion for judgment as a matter of law."

*Lott v. City of Okla. City*, No. CIV-18-1176-PRW, 2022 WL 1275648, at *1 (W.D. Okla. Apr. 28, 2022) (alteration in original) (quoting Fed. R. Civ. P. 50(a)).  "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position."  *Elm Ridge*

*Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (internal quotation marks omitted).

In evaluating a Rule 50(b) motion, the Court must not "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury." *Kelly v. Metallics W., Inc.*, 410 F.3d 670, 674 (10th Cir. 2005) (internal quotation marks omitted). Further, the Court must draw "all reasonable inferences in favor of the nonmoving party." *In re Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017).

### III.    Discussion

The Rehabilitation Act, 29 U.S.C. § 791, prohibits the federal government from discriminating against qualified individuals with disabilities. The standards from the Americans with Disabilities Act ("ADA") apply to claims for disability discrimination brought under the Rehabilitation Act. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010); 29 U.S.C. §§ 791(f), 794(d).

Consistent with Tenth Circuit authority, the Court instructed the jury that Plaintiff was required to prove by a preponderance of the evidence the following elements: "(1) Plaintiff had a disability; (2) Plaintiff was an otherwise qualified individual; (3) Plaintiff requested a plausibly reasonable accommodation from Defendant for her disability; and (4) Defendant failed to provide Plaintiff with her requested accommodation or any other reasonable accommodation." Jury Instr. No. 11; *see Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020).

Defendant contends that the evidence presented at trial was insufficient to support a reasonable inference that: (1) Plaintiff needed a reasonable accommodation to perform

3

the essential functions of her job, (2) Plaintiff suffered a disability during the relevant 45-day time period; and (3) Defendant denied Plaintiff a reasonable accommodation during the relevant 45-day time period.  *See* Def.'s Mot. at 5-15.  The Court addresses each of these arguments in turn.

a. <u>Reasonable Accommodation</u>

Defendant contends that the evidence introduced at trial demonstrates that Plaintiff was able to perform the essential functions of her job absent a reasonable accommodation for her disability, and so Defendant was not obligated to provide Plaintiff her requested accommodation.  *See* Def.'s Mot. at 6-10.  "The term 'reasonable accommodation' refers to those accommodations which presently, or in the near future, enable the employee to perform the essential functions of [her] job."  *Aubrey*, 975 F.3d at 1007 (alteration and internal quotation marks omitted); *see also* Jury Instr. No. 18 ("The term 'reasonable accommodation' means modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position.").

While evidence in the record reflects that Plaintiff performed her job duties adequately immediately following the initial denial of Plaintiff's request for accommodation, Plaintiff testified that in the absence of treatment her mental state deteriorated to the point that in May 2015 she was unable to work at all.  *See* Trial Tr. Vol. II (Doc. No. 165-1) at 150:13-17, 151:21-24.  Plaintiff further testified that she believed that the denial of her requests to attend her counseling sessions caused her to be unable to

work and that, if she had been able to continue treatment, her mental condition would have improved.  *See id.* at 151:14-16, 20.  Viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could have concluded that allowing Plaintiff to take leave to attend counseling sessions was an accommodation that would have enabled Plaintiff to perform the essential functions of her job.  *See Aubrey*, 975 F.3d at 1007.

### b.  Plaintiff's Disability During the Relevant Time Period

Defendant argues that no reasonable jury could have concluded that Plaintiff suffered from a disability between March 20, 2015, and May 4, 2015—the 45-day time period preceding Plaintiff's initiation of contact with an Equal Employment Opportunity ("EEO") Counselor on May 4, 2015.  *See* Def.'s Mot. at 11-13.

This time period relates to Defendant's affirmative defense that Plaintiff failed to exhaust her administrative remedies.  As the Court instructed the jury, an aggrieved person who believes that she has been discriminated against on the basis of disability must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory prior to filing a lawsuit.  *See* Jury Instr. No. 22; *see also* 9 C.F.R. § 1614.105(a)(1).  Accordingly, the jury instructions stated in relevant part:

> [I]n evaluating whether Plaintiff timely initiated contact with an EEO Counselor, it does not matter whether the contact was made within 45 days of a *request* for reasonable accommodation.  What matters is whether the employee, within 45 days of a *denial* of a request for reasonable accommodation, initiated contact with an EEO Counselor regarding that denial.
>
> Defendant asserts that Plaintiff failed to initiate contact with an EEO Counselor within 45 days of an alleged discriminatory act. If you find that Defendant has proved by a preponderance of the evidence that Plaintiff failed

to timely initiate contact with an EEO Counselor, then you must find for Defendant.

Jury Instr. No. 22.

Defendant argues that "[i]n order to prove that she was entitled to a reasonable accommodation, Plaintiff must have shown she suffered from a disability within [the 45-day] time period." Def.'s Mot. at 11. Here, Defendant improperly conflates the parties' burdens regarding its affirmative defense. To prove her case, Plaintiff was not required to prove that she suffered from a disability within the 45-day period before she contacted an EEO Counselor. Rather, to establish its affirmative defense, Defendant was required to prove by a preponderance of the evidence that Plaintiff failed to initiate contact with an EEO Counselor within 45 days after a denial of her request for a reasonable accommodation. *See* Jury Instr. No. 22.

To the extent Defendant argues that Plaintiff did not prove at trial that she suffered from a disability by the preponderance of the evidence, the Court concludes that a reasonable jury would have had a legally sufficient evidentiary basis to find that Plaintiff was disabled. As the Court instructed the jury, "the term 'disability' means a mental impairment that substantially limits one or more of the major life activities of an individual." Jury Instr. No. 12. "'Major life activities' include, but are not limited to, caring for oneself, seeing, hearing, sleeping, walking, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Jury Instr. No. 14.[2]

---

[2] Whether an individual suffers from a recognized impairment is a question of law. *See Sanchez v. Vilsack*, 695 F.3d 1174, 1178 (10th Cir. 2012). Whether an individual's

LPC Smith, Plaintiff's treating counselor from May 6, 2014, to November 4, 2014, contemporaneously diagnosed Plaintiff with Adjustment Disorder with Mixed Anxiety and Depressed Mood.  *See* Pl.'s Resp. (Doc. No. 189) at 16; Pl.'s Mot. Ex. 2 (Doc. No. 189-2); Trial Tr. Vol. II, at 93:18-20.[3]  Plaintiff testified that after Defendant denied her leave to attend counseling sessions with LPC Smith, her mental condition "got exponentially worse." *Id.* at 147:18-22.  Plaintiff stated that she became reclusive from her family, found it difficult to get out of bed in the morning, and found it difficult to sleep.  *See id.* at 147:24-148:3.  Finally, Plaintiff testified that her mental state deteriorated to the point that in May 2015 she was unable to continue working.  *See id.* at 150:13-17.[4]  A reasonable jury could have concluded that Plaintiff suffered from Adjustment Disorder with Mixed Anxiety and Depressed Mood and that this impairment limited one or more of her major life activities. Accordingly, viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could have concluded that Plaintiff was disabled.

To the extent that Defendant would argue that judgment as a matter of law should be granted in its favor because there was no legally sufficient evidentiary basis for the jury

---

impairment limits one or more of her major life activities is a question of fact for the jury. *See id.*

[3] Without objection from the parties, the jury was instructed that "Major Depressive Disorder (otherwise known as Clinical Depression) and Adjustment Disorder with Mixed Anxiety and Depressed Mood constitute mental impairments."  Jury Instr. No. 13.

[4] Defendant argues that Plaintiff was not qualified as an expert and so cannot testify regarding any mental impairments that she suffered.  *See* Def.'s Mot. at 11.  As noted by Plaintiff, under Federal Rule of Evidence 701, she was allowed to testify to her symptoms and physical and mental condition as she experienced them.  Further, the lack of expert testimony opining on Plaintiff's mental impairments, while something the jury could have considered in weighing the evidence, is not by itself fatal to Plaintiff's case.

to find other than that (a) the affirmative defense of failure to exhaust administrative remedies was established such that the only actionable denial of a request for accommodation would be one occurring during the 45-day time period preceding Plaintiff's initiation of contact with an EEO Counselor on May 4, 2015, and (b) Plaintiff was not disabled during that period, the Court disagrees.  LPC Smith's diagnosis of Plaintiff prior to that 45-day period, when combined with Plaintiff's testimony as set forth above that her symptoms continued (and worsened) through the period, is sufficient to permit a reasonable jury to conclude that Plaintiff was disabled during the 45-day period.

### c.  Denial of Request for Reasonable Accommodation

Finally, Defendant argues that there was no legally sufficient basis for the jury to have found that Defendant denied Plaintiff a reasonable accommodation because a reasonable accommodation for Plaintiff's disability did not exist during the 45-day time period preceding Plaintiff's initiation of contact with an EEO Counselor on May 4, 2015. *See* Def.'s Mot. at 13.  Defendant makes three points in support of this contention: (1) Plaintiff did not have a counselor during the relevant time period, (2) Plaintiff testified to no specific date when she allegedly requested leave to attend counseling, and (3) Plaintiff did not have a current diagnosis or a recommendation from a therapist or counselor as to what accommodation was necessary in March, April, or May 2015.  *See id.* at 13-15.

Again, Defendant mislays the burden as to the 45-day time period.  Plaintiff was required to prove the elements of her claim.  Defendant was required to prove by a preponderance of the evidence that Plaintiff failed to initiate contact with an EEO

Counselor within 45 days after a denial of her request for a reasonable accommodation. *See* Jury Instr. No. 22.

To the extent that Defendant would argue that judgment as a matter of law should be granted in its favor because there was no legally sufficient evidentiary basis for the jury to find other than that (a) the affirmative defense of failure to exhaust administrative remedies was established such that the only actionable denial of a request for accommodation would be one occurring during the 45-day time period preceding Plaintiff's initiation of contact with an EEO Counselor on May 4, 2015, and (b) there was no denial and/or no reasonable accommodation during that period, the Court again disagrees. The Court concludes upon review of the trial record that there was sufficient evidence from which a reasonable jury could have found that, during this 45-day period, the reasonable accommodation of allowing Plaintiff to take leave to attend therapy did exist and that Defendant denied Plaintiff's request for a reasonable accommodation.

Plaintiff testified that she had ongoing therapy appointments with LPC Smith until Warden Fox, Plaintiff's supervisor, denied her request to continue taking leave for counseling sessions. *See* Trial Tr. Vol. II, at 138:12-25. Plaintiff also testified that she hoped to resume her appointments with LPC Smith after the initial November 2014 denial and that she resumed counseling with a new counselor in May 2015 after she discontinued work due to her mental state. *See id.* at 157:7-22; 163:14-18. Corroborating Plaintiff's version of events, LPC Smith testified that she terminated her relationship with Plaintiff on or after November 4, 2014, because of Plaintiff's inability to attend sessions. *See id.* at 97:5-11. From this testimony, a reasonable jury could have concluded that Plaintiff was

able and willing to resume her therapy sessions if Defendant granted her request for accommodation.

It is true that Plaintiff stated on cross examination that after January 12, 2015, she did not make another request to Warden Fox to attend counseling. *See id.* at 192:16-193:2. Plaintiff also testified, however, that she continued to request accommodation and was continually denied her requested accommodation from the initial denial in November 2014 until she stopped working in May of 2015 due to the deterioration of her mental state. *See id.* at 148:7-150:17. Plaintiff's lack of memory of a specific date of a request and inconsistent testimony regarding her request were factors for the jury to consider in evaluating Plaintiff's credibility. But in evaluating a Rule 50(b) motion the Court must not "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury." *Kelly*, 410 F.3d at 674 (internal quotation marks omitted).

Drawing all reasonable inferences in favor of Plaintiff as the nonmoving party, the Court finds that based on the evidence presented at trial, a reasonable jury would have a legally sufficient evidentiary basis to find that—both prior to and during the 45-day time period preceding Plaintiff's initiation of contact with an EEO Counselor on May 4, 2015— a reasonable accommodation (allowing Plaintiff to take leave from work to attend counseling sessions) did exist and that Defendant denied Plaintiff's request for this reasonable accommodation.

## CONCLUSION

For the reasons stated above, Defendant's Post-Trial Motion for Judgment as a Matter of Law (Doc. No. 174) is DENIED.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge