UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER HARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-1138-G |
| | ) |
| MERRICK B. GARLAND, | ) |
| United States Attorney General, | ) |
| U.S. Department of Justice, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Now before the Court is a Post-Trial Motion for New Trial, or, in the Alternative, for Remittitur (Doc. No. 176), filed by Defendant, Merrick B. Garland, United States Attorney General. Plaintiff Amber Harp has submitted her Response (Doc. No. 188), and Defendant has submitted a Reply (Doc. No. 195). Having reviewed the parties' briefing, the Court makes its determination.

## I. Background

On November 1, 2022, a jury trial commenced on Plaintiff's claim for failure to accommodate in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. *See* Doc. No. 156. Plaintiff alleged that Defendant denied her request for a reasonable accommodation when Defendant did not allow her to take two hours off work each week to attend therapy for her mental health condition. *See* Jury Instr. No. 2 (Doc. No. 161).

After deliberation, the jury returned a verdict in Plaintiff's favor and awarded compensatory damages in the amount of $250,000.00. *See* Verdict (Doc. No. 163). Following the trial, the Court entered a judgment reflecting the jury's decision. *See* J. (Doc.

No. 164). Defendant now moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) or, in the alternative, remittitur. *See* Def.'s Mot. (Doc. No. 176) at 3-15.

## II.   *Applicable Law*

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "The decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987). The party seeking a new trial or remittitur bears the "heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence." *Blanke v. Alexander*, 152 F.3d 1224, 1236 (10th Cir. 1998) (internal quotation marks omitted). "The Court 'may only set aside the jury's verdict when it concludes the verdict to be against the great weight of the evidence' or 'prejudicial error has entered into the record.'" *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-902-PRW, 2021 WL 5919366, at *1 (W.D. Okla. Oct. 7, 2021) (quoting *Turnbull v. Mo. Pac. R. Co.*, No. CIV-90-1432-R, 1991 WL 544257, at *1 (W.D. Okla. Dec. 10, 1991)).

Remittitur is "[t]he process by which a court requires either that the case be retried, or that the damages awarded by the jury be reduced." *Black's Law Dictionary* (11th ed. 2019). "To determine whether remittitur is appropriate, courts must evaluate whether the evidence supports the verdict." *Burke v. Regalado*, 935 F.3d 960, 1035 (10th Cir. 2019).

> "It is a fundamental legal principle that the determination of the quantum of damages in civil cases is a fact-finder's function. The trier of the facts, who has the first-handed opportunity to hear the testimony and to observe

> the demeanor of the witnesses, is clothed with a wide latitude and discretion in fixing damages, pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985). Thus, in all but the most extreme and unusual circumstances, a jury's award of damages on a duly entered verdict is inviolate. [*Blanke*, 152 F.3d at 1236.] The movant's burden is accordingly a heavy one. *Murphy Oil USA, Inc. v. Wood*, 438 F.3d 1008, 1021 (10th Cir. 2006).

*Jackson v. Potter*, 587 F. Supp. 2d 1197, 1198 (D. Colo. 2008). The jury's award must stand "unless it is 'so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial.'" *Osterhout v. Bd. of Cnty. Comm'rs of LeFlore Cnty.*, 10 F.4th 978, 996 (10th Cir. 2021) (internal quotation marks omitted).

### III.  Discussion

Defendant argues that the Court should grant a new trial for the following reasons: (1) there was insufficient evidence to permit a reasonable inference that Plaintiff needed a reasonable accommodation to perform the essential functions of her job, (2) there was insufficient evidence to permit a reasonable inference that Plaintiff was denied leave, and (3) Plaintiff failed to introduce any evidence at trial that she had a disability during the relevant time period. *See* Def.'s Mot. at 8-14. Further, Defendant argues that remittitur or a new trial on the issue of damages is warranted because the $250,000.00 award is excessive and lacks a rational connection with the evidence presented. *See id.* at 3-8.

The Court addressed and rejected Defendant's arguments regarding Plaintiff's need for reasonable accommodation and disability in the Court's Order denying Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. No. 174). The trial record

3

contained sufficient evidence to support the jury's conclusions on those points, and the Court declines to hold otherwise under the standards for granting a new trial under Rule 59(a)(1)(A). Accordingly, the Court now addresses Defendant's remaining arguments, turning first to Defendant's argument regarding denial of Plaintiff's request for a reasonable accommodation.

      A.      <u>Denial of Leave to Attend Therapy</u>

Defendant argues that "[t]he great weight of the evidence establishes that Plaintiff was never denied leave." Def.'s Mot. at 10.[1] Specifically, Defendant asserts that from the beginning of 2015 until Plaintiff went on extended leave in May 2015, "Plaintiff used a total of 142.25 hours of leave – an average of more than 8 hours per week." *Id.* at 11 (citing Def.'s Trial Ex. 117). In addition to the amount of leave taken by Plaintiff, Defendant points out that Plaintiff's supervisors indicated at trial that they believed that Plaintiff had

---

[1] Defendant further argues that the evidence did not establish that Plaintiff "was denied leave in the 45-day period at issue." Def.'s Mot. at 10. This 45-day time period relates to Defendant's affirmative defense as to liability that Plaintiff failed to timely exhaust her administrative remedies. As the Court instructed the jury, an aggrieved person who believes that she has been discriminated against on the basis of disability must initiate contact with an Equal Employment Opportunity (or "EEO") counselor within 45 days of the date of the matter alleged to be discriminatory prior to filing a lawsuit. *See* Jury Instr. No. 22; *see also* 9 C.F.R. § 1614.105(a)(1). Accordingly, to establish its affirmative defense *Defendant* was required to prove that Plaintiff failed to timely initiate contact with an EEO counselor within 45 days of a denial of her request for a reasonable accommodation. *See* Jury Instr. Nos. 21, 22. *Plaintiff* was not required to prove any item related to the 45-day period to establish her Rehabilitation Act claim. *See* Jury Instr. No. 11.

4

not stopped attending her counseling sessions. *See* Trial Tr. Vol. III (Doc. No. 165-2) at 480:6-9, 506:13-16.

Plaintiff testified, however, that Warden Fox treated Plaintiff's requests for leave to attend therapy differently than leave requested for reasons other than mental health. *See* Trial Tr. Vol. II (Doc. No. 165-1) at 212:2-213:17. Additionally, the trial testimony of Plaintiff and Brigitte Nickerson was to the effect that Warden Fox and Associate Warden Garrett denied Plaintiff's requests to use leave to attend therapy and that Plaintiff ceased to attend her counseling sessions following Warden Fox's initial November 2014 denial. *See id.* at 135:14-19, 142:9-143:14, 149:21-150:12, 237:14-238:16, 240:5-244:2.

Defendant also points to Plaintiff's testimony on cross examination in which she answered "No" when asked "[a]fter the January 12th email, did you ever go back to Warden Fox up until May of 2015 and request to be able to go to counseling sessions?" *Id.* at 192:22-193:2. Elsewhere in Plaintiff's testimony, however, Plaintiff stated that she continuously requested leave to attend therapy and was continuously denied through May of 2015, when she could no longer work. *See id.* at 148:4-11, 220:11-20.

"Simply because 'the jury could have drawn different inferences or conclusions or because the Court believes that another result is more reasonable is no basis for granting a new trial.'" *Lott v. City of Okla. City*, No. CIV-18-1176-PRW, 2022 WL 1275648, at *1 (W.D. Okla. Apr. 28, 2022) (quoting *Turnbull*, 1991 WL 544257, at *1). The trial record supports the finding that Plaintiff requested an accommodation in the form of leave to attend counseling and was denied this request. Defendant therefore has not carried its "heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly

5

against the weight of the evidence." *Blanke*, 152 F.3d at 1236 (internal quotation marks omitted). Accordingly, Defendant is not entitled to a new trial on this ground.

B. <u>Excessiveness of the Jury's Award</u>

Defendant does not argue that the Court's instructions to the jury regarding calculation of damages were incorrect. Defendant instead objects that a new trial or remittitur is appropriate because "[t]he jury's verdict of $250,000 is excessive, lacks any rational connection to the evidence, and is incomparable to awards made in similar cases." *See* Def.'s Mot. at 3. Specifically, Defendant states that "Plaintiff presented scant evidence of any pain, suffering, or emotional distress suffered by Plaintiff, let alone evidence that such pain, suffering, or emotional distress was caused by a denial of her request(s) to attend therapy." *Id.* Defendant also argues that the excessiveness of the award indicates that the jury must not have followed the Court's instructions. *See id*. at 4-8.

"It is within the virtually exclusive purview of the jury to evaluate credibility and fix damages." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd*., 210 F.3d 1207, 1230 (10th Cir. 2000). And "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Speculation as to what the jury may or may not have considered during deliberation is not sufficient to overcome this presumption. Rather, the question is whether the jury's award is supported by substantial evidence. *See Evans v. Fogarty*, 241 F. App'x 542, 561 (10th Cir. 2007). The Court finds that it is.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." *Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1157 (10th Cir. 2022)

(internal quotation marks omitted).  Plaintiff testified that in the months following the initial denial of her request for accommodation, her mental condition deteriorated to the point where she was no longer able to function normally, eat, sleep, or engage with other people.  *See* Trial Tr. Vol. II, at 147:22-148:3, 158:24-159:7.  Plaintiff testified that she continued to request accommodation and was continually denied her requested accommodation from the initial denial in November 2014 until she stopped working in May of 2015.  *See id*. at 148:7-150:17.  Brigette Nickerson testified that she observed Plaintiff's personality change over this period from bubbly and chipper to withdrawn.  *See id.* at 237:18-238:4.  Plaintiff further testified that her mental health worsened to such a degree that in May 2015, she could no longer work.  *See id.* at 150:13-17, 151:21-24.  Plaintiff further testified that after she went on extended leave, she resumed mental health treatment with a new counselor and her condition improved.  *See id.* at 157:7-22, 159:8-10.  This and other similar evidence presented at trial provided an adequate basis, if believed, to support the jury's conclusion that Plaintiff suffered emotional distress resulting from a denial of her request for accommodation, including if limited to the 45-day time period preceding Plaintiff's initiation of contact with an EEO Counselor on May 4, 2015.

      The Tenth Circuit instructs that when determining whether a new trial or remittitur is appropriate based on excessive damages, the Court should focus on "whether the compensatory award was excessive in relation to the injury."  *See McInerney v. United Air Lines, Inc*., 463 F. App'x 709, 723 (10th Cir. 2011) (internal quotation marks omitted).  Here, Plaintiff offered testimony at trial supporting that Defendant's denial of her request for accommodation resulted in her mental health condition worsening to the degree that

7

her personality changed, she ceased to be able to function normally, she ceased to be able to work altogether, and she sought professional help for her mental state. *See* Trial Tr. Vol. II, at 147:22-148:3, 158:24-159:7, 148:7-150:17, 158:24-159:7.

The Tenth Circuit has instructed that whether an award is comparable with awards given in other cases is not dispositive on the issue of excessiveness. *See McInerney*, 463 F. App'x at 723. Still, the award in this case is not unreasonable when compared to cases involving the type of emotional distress that Plaintiff described at trial. *See id.* at 723-24 (affirming a $300,000 award in compensatory damages where the plaintiff testified that following her termination she "couldn't stop crying, and for weeks on end, didn't really sleep, and . . . it was devastating and humiliating" (alteration and internal quotation marks omitted)); *Clawson v. Mountain Coal Co.*, No. 01-CV-02199, 2007 WL 4225578, at *1-6 (D. Colo. Nov. 28, 2007) (finding that an award of $250,000 did not warrant a new trial or remittitur where the plaintiff explained that his termination felt like "getting [his] feet kicked out from under me" and resulted in "a lot of stress and heartache"). The Tenth Circuit observed in 2007 that awards of $150,000 to $300,000 in compensatory damages for emotional distress "appear to be at the upper range of emotional damages upheld in this circuit." *Evans*, 241 F. App'x at 561. Accordingly, while the jury's award of $250,000 falls in the upper range, it does not exceed that range. It also is below the applicable statutory limit of $300,000 for such an award. *See* 42 U.S.C § 1981a(b)(3)(D).

"The award of damages in civil cases is a fact-finder's function." *Osterhout,* 10 F.4th at 996 (internal quotation marks omitted). "The jury has wide latitude to choose an award based on the evidence." *Burke*, 935 F.3d at 1035 (alteration and internal quotation

8

marks omitted). While the jury's $250,000 award was generous, it was supported by substantial evidence and does not shock the judicial conscience or appear to be the result of error. *See Goico v. Boeing Co.*, 358 F. Supp. 2d 1028, 1030 (D. Kan. 2005) (concluding that the jury's award of $300,000 was "generous" but was supported by evidence and did not shock the court's conscience); *Clawson*, 2007 WL 4225578, at *3 (explaining that, while the jury's $250,000 award was "undoubtedly generous," it was "not so generous that the Court cannot conceive of legitimate justifications that could have motivated the jury to determine such sum"). Accordingly, the jury's award of damages in this matter does not necessitate a new trial, and remittitur is not appropriate.

## CONCLUSION

For the reasons stated above, Defendant's Post-Trial Motion for New Trial, or, in the Alternative, for Remittitur, (Doc. No. 176) is DENIED.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge